**NOT FOR PUBLICATION**                                              **CASE CLOSED**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

DR. GE ZHANG,

        Plaintiff,                                Civil Action No. 07-362(SDW)

    v.

DISTRICT DIRECTOR, USCIS;
DEPARTMENT OF HOMELAND
SECURITY; FEDERAL BUREAU OF             **OPINION**
INVESTIGATION; MICHAEL
CHERTOFF; AND THE UNITED                June 19, 2007
STATES OF AMERICA,

        Defendants.

**WIGENTON, District Judge.**

**I. Background**

On July 27, 2004, Dr. Ge Zhang ("Plaintiff") filed an I-485 adjustment of status application with the United States Citizenship and Immigration Services ("USCIS") in order to become a lawful permanent resident. (Compl. ¶ 3.) For each adjustment of status application, USCIS and the Federal Bureau of Investigation conduct background and security checks on the applicant. (Defs.' Br. in Supp. of Mot. to Dismiss 1.) Plaintiff's application was delayed, so she made several requests to inquire about its status, and USCIS responded that "routine security checks" were the cause of the delay. (Pl.'s Br. in Opp. to Mot. to Dismiss 6.)

On January 23, 2007, after waiting nearly three years for a decision from USCIS, Plaintiff filed a Complaint with this Court seeking to compel action on her adjustment of status application. (Compl.) District Director, USCIS, et al. (collectively, "Defendants") assert there is a "tremendous backlog of pending security checks related to applications for adjustments." (Defs.' Br. in Supp. of

Mot. to Dismiss 1; Decl. of Michael A. Cannon 6–8.)

In her Complaint, Plaintiff claims she is entitled to a decision on her application under both the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq. (Compl. ¶¶ 5–6.) Plaintiff argues that Defendants owe her a duty to make a decision on her application within a reasonable time. (Pl.'s Br. in Opp. to Mot. to Dismiss 7–8.) Plaintiff alleges that an unreasonable amount of time has passed without any decision on her application; therefore, Defendants have violated both the Mandamus Act and the APA by breaching their nondiscretionary duty to Plaintiff. Id. at 7–8, 11–13. As a result, Plaintiff asserts this Court should compel a decision by USCIS regarding her application. (Compl. ¶¶ 17–18.)

Defendants filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons explained below, we grant the Motion.

**II. Discussion**

This Court does not have subject matter jurisdiction over Plaintiff's application for adjustment of status based on Sections 1252(a) and 1255(a) of the Immigration and Nationality Act (the "Act"). 8 U.S.C. §§ 1252(a), 1255(a). Section 1252(a)(2)(B) states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . including [the mandamus statutes 28 U.S.C. § 1361 and § 1651] . . . no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter [§§ 1151-1378] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than [asylum determinations].

8 U.S.C. § 1252(a)(2)(B).[1]  Thus, this Court is barred from reviewing any discretionary decision or action of the Attorney General made under 8 U.S.C. § 1255(a).  Serrano v. Quarantillo, No. 06-5221, 2007 WL 1101434, at *2 (D.N.J. Apr. 9, 2007) (citing Safadi v. Howard, 466 F. Supp. 696, 697 (E.D. Va. 2006)).

Section 1255(a), which grants the Attorney General the authority to decide applications for adjustment of status, provides:

> The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

While Plaintiff agrees that this Court does not have subject matter jurisdiction over the Attorney General's approval or denial of applications for adjustment of status, Plaintiff argues that this Court has subject matter jurisdiction over how long the Attorney General may take to make a decision about her application.  (Pl.'s Br. in Opp. to Mot. to Dismiss 8.)  Plaintiff claims this is so because the Attorney General has a nondiscretionary duty to process her application within a reasonable time.  Id.

We reject Plaintiff's argument because § 1255(a) does not impose time limits by which the Attorney General must decide upon applications for adjustments of status.  See Li v. Gonzalez, No.

---

[1] While the Attorney General is specified as having the authority to grant an adjustment of status under 8 U.S.C. § 1255(a), such authority has been transferred to the Secretary of Homeland Security and USCIS pursuant to 6 U.S.C. §§ 271(b)(5) and 557.  Li v. Gonzalez, No. 06-5911, 2007 WL1303000, at *3 n.1 (D.N.J. May 3, 2007).  For simplicity, we refer throughout this Opinion to the Attorney General's discretion.

06-5911, 2007 WL 1303000, at *4 (D.N.J. May 3, 2007) (lack of any specific time frame regarding adjustments of status indicates "Congress did not intend to limit the discretion of immigration officials by specifying a certain time period within which they must act"); Safadi, 466 F. Supp. 2d at 699 (unambiguous language of § 1255(a) does not prescribe any time period by which the Attorney General must act).

### III.  Conclusion

For the reasons stated above, the Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), is granted.

**S/SUSAN D. WIGENTON, U.S.D.J**

cc: Judge Madeline Cox Arleo